UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-21992-Civ-COOKE/GOODMAN

DIANE WILLIFORD,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS MATTER is before the Court on Plaintiff's Motion for Partial Summary Judgment (ECF No. 80). The Motion is fully briefed and ripe for review. For the reasons set forth herein, the Motion is denied.

### I. BACKGROUND

This is a cruise-ship slip-and-fall case. Plaintiff Diane Williford, who took a cruise on the Carnival *Dream* in June 2016, claims that she slipped and fell on a wet staircase while descending from a deck with several "water features" and slides on it. *Amend. Compl.*, ECF No. 37, at p. 4; *Resp. in Opp'n*, ECF No. 85, at p. 3. As a result of the fall (as well as an alleged misdiagnosis by the *Dream*'s medical staff, not at issue here), Plaintiff says that she was catheterized and "forced to spend the remainder of her cruise strapped to a board." *Amend. Compl.*, ECF No. 37, at pp. 5–6; *Mot.*, ECF No. 80, at p. 1.

Plaintiff now moves for partial summary judgment on "the issue of notice." *Mot.*, ECF No. 80, at p. 1. That is, Plaintiff asks the Court to find, as a matter of law, that Defendant had actual and/or constructive notice of the alleged dangerous condition on the staircase. *Id.* at p. 8. As evidence, Plaintiff points to the presence of "caution cones" near one of the slides on the deck she was leaving when she fell. *Id.* at p. 2; *Williford Dep.*, ECF No. 80-1, at pp. 22, 25. Plaintiff also recalls the presence of a "little man with [a] mop" on the deck, from which she infers that "somebody knew there was water somewhere[.]" *Mot.*,

1

ECF No. 80, at p. 3; *Williford Dep.*, ECF No. 80-1, at pp. 22–23, 25. However, Plaintiff, who has astigmatism, "can't judge distance" and is unsure "[h]ow close" the man was "to the steps." *Williford Dep.*, ECF No. 80-1, at p. 27. (Incidentally, Plaintiff is sure that the caution cones were *not* "near the stairs.") *Id.* at p. 25.

Additionally, Plaintiff has identified nine prior slip-and-fall incidents on Carnival ships, including incidents on the *Dream* and even one incident in 2014 on the same staircase where Plaintiff fell. *Mot.*, ECF No. 80, at pp. 5–6; *Ex. 5 to Mot.*, ECF No. 80-5, at p. 7. Finally, Plaintiff offers the analysis of her "expert engineer," who has made various findings regarding the deck's "defective water discharge," as well as unsatisfactory "slip resistant index values" in the vicinity where the accident occurred. *Mot.*, ECF No. 80, at pp. 3–4.

In response, Defendant does not deny the prior incidents. *Resp. in Opp'n*, ECF No. 85, at pp. 6–7. Nor does Defendant deny the existence of the "little man" or the cones near the slide. *Id.* at pp. 3, 8. Defendant does, however, question whether the prior incidents were "substantially similar" to the one that occurred here. *Id.* at pp. 9–10. Defendant seeks to distinguish Plaintiff's accident from the prior ones based on the nature of Plaintiff's injuries, as well as her patronage of the Carnival "Cheers Program" (ordering four drinks in the hours before she fell). *Id.* at pp. 9–10; *Petisco Dep.*, ECF No. 85-1, at p. 19.[1]

Even more to the point, Defendant denies that the steps on which Plaintiff fell were wet at all. Defendant relies on a report prepared by Carnival employees who inspected the scene "minutes after" Plaintiff fell and found that "[t]he area of the accident was . . . dry and clear, with no apparent safety concerns." *Resp. in Opp'n*, ECF No. 85, at p. 3; *Petisco Dep.*, ECF No. 85-1, at p. 7. Defendant has also produced its own expert report, "review[ing] and rebutt[ing]" the findings of Plaintiff's "hired gun." *Resp. in Opp'n*, ECF No. 85, at pp. 4, 11.

## II. LEGAL STANDARDS

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Genuine disputes are those in which the evidence is such that a reasonable jury

---

[1] Plaintiff counters that she "had only a fraction of one shot of Tequila, and her family members had the rest of these drinks." *Reply in Supp.*, ECF No. 88, at p. 5.

2

could return a verdict for the non-movant." *Ellis v. England*, 432 F.3d 1321, 1325–26 (11th Cir. 2005) (quoting *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996)).

"The general rule is that inadmissible hearsay 'cannot be considered on a motion for summary judgment.'" *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990)). However, "a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be 'reduced to admissible evidence at trial' or 'reduced to admissible form.'" *Macuba*, 193 F.3d at 1323. "The most obvious way that hearsay testimony can be reduced to admissible form is to have the hearsay declarant testify directly to the matter at trial." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012).

"[M]aritime law . . . governs the liability of a cruise ship for a passenger's slip and fall." *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1280 (11th Cir. 2015). "Under maritime law, the owner of a ship in navigable waters owes passengers a 'duty of reasonable care' under the circumstances." *Id.* "In this circuit, the maritime standard of reasonable care usually requires that the cruise ship operator have actual or constructive knowledge of the risk-creating condition." *Id.* at 1286.

The "presence of warning cones" near an alleged slip and fall is evidence from which "a reasonable jury could . . . infer that [the defendant] was on notice of the potentially hazardous condition." *Merideth v. Carnival Corp.*, 49 F. Supp. 3d 1090, 1094 (S.D. Fla. 2014). Another "way[] a plaintiff may prove . . . constructive notice of a defective condition" is through "evidence of substantially similar accidents." *Thomas v. NCL (Bahamas), Ltd.*, 203 F. Supp. 3d 1189, 1192 (S.D. Fla. 2016).

### III. DISCUSSION

The Court finds that there are genuine disputes of material fact relating to "the issue of notice" in this case. *Mot.*, ECF No. 80, at p. 1. Indeed, much of the evidence that Plaintiff points to in support of her Motion is equivocal. For instance, Plaintiff points to the presence of "caution cones" and a "little man with [a] mop" as proof that Defendant was on notice of the slippery condition of the stairs where she fell. *Id.* at pp. 2–3; *Williford Dep.*, ECF No. 80-1, at pp. 22–23, 25. But Plaintiff also admits that the cones were not "near the stairs," and she does not know "[h]ow close" the man was either. *Williford Dep.*, ECF No. 80-1, at pp. 25, 27. In Plaintiff's own words, the only inference that arises from her testimony is that

"somebody knew there was water *somewhere*" on the deck she was stepping down from. *Mot.*, ECF No. 80, at p. 3 (emphasis added). Given that the deck contained "a water park" with "water features," that point was never really in doubt. *Id.*

As for the Parties' "hired gun[s]," they have done little more than cancel each other out with their opposing expert opinions regarding "slip resistant index values." *Mot.*, ECF No. 80, at pp. 3–4; *Resp. in Opp'n*, ECF No. 85, at pp. 4, 11.

Plaintiff's reliance on the nine prior incidents aboard Carnival ships is somewhat more compelling. In particular, Plaintiff points to a slip and fall that occurred two years before her own, on exactly the same staircase where she herself fell. *Mot.*, ECF No. 80, at p. 6; *Ex. 5 to Mot.*, ECF No. 80-5, at p. 7. In that prior incident, as in the one here, the person who fell claimed that the "steps were wet and that caused him to slip." *Ex. 5 to Mot.*, ECF No. 80-5, at p. 7. Plaintiff argues that these prior accidents were "substantially similar" to her own, and that they put Defendant "on notice of the risk creating condition of water accumulating on the subject stairs." *Mot.*, ECF No. 80, at pp. 11–12.

Defendant, meanwhile, seeks to distinguish those prior accidents from the one here. Specifically, Defendant claims that "the nine other passengers all suffered different injuries" from the ones Plaintiff suffered. *Resp. in Opp'n*, ECF No. 85, at p. 10. Defendant also emphasizes that Plaintiff, unlike the earlier slippers and fallers, had bought "four alcoholic drinks over a few hours" before she went down the stairs. *Id.* at pp. 9–10.

The Court finds Defendant's arguments flawed in several respects. In the first place, "[t]he 'substantial similarity' doctrine does not require identical circumstances." *Sorrels*, 796 F.3d at 1287. Rather, "[t]he conditions surrounding the . . . incidents" need only be "similar enough to allow . . . a reasonable inference concerning [Defendant's] ability to foresee this type of [accident] and its results." *Id.* at 1288.

True, in *Magazine v. Royal Caribbean Cruises*, which Defendant relies on, the court found that prior incidents involving "sprained ankles and toe contusions" were "difficult to characterize as . . . substantially similar to [the plaintiff's] injury," where the plaintiff suffered "permanent nerve damage . . . and a pronounced limp." 2014 WL 1274130, at *2, *7 n.7 (S.D. Fla. Mar. 27, 2014). Here, however, "Plaintiff claims she injured her hips and lower back." *Resp. in Opp'n*, ECF No. 85, at p. 10. That is very similar indeed to what happened to the person who fell on the same staircase in 2014, "injuring his back," and

another person who fell and "injur[ed] his back" while carrying "a bucket of beers" down a stairway on the Carnival *Breeze*. *Ex. 5 to Mot.*, ECF No. 80-5, at p. 7. Other individuals injured their shoulders, legs, knees, and ankles—all injuries that are substantially similar to Plaintiff's, and equally likely to result from falling down the stairs. *Id.* at pp. 6–8.

Neither is the Court persuaded that Plaintiff's participation in the Carnival "Cheers Program" makes her accident different from the earlier ones. *Resp. in Opp'n*, ECF No. 85, at p. 7. Even assuming that Plaintiff had several drinks before she fell—and Plaintiff insists she "had only a fraction of one shot of Tequila"—she is not the only person to have done so. *Reply in Supp.*, ECF No. 88, at p. 5. The aforementioned individual with the "bucket of beers" was "observed to have been under the influence of alcohol" when he slipped and fell on the *Breeze*. *Ex. 5 to Mot.*, ECF No. 80-5, at p. 7.

More fundamentally, Defendant's argument about Plaintiff's bar tab misses the point underlying the substantial similarity doctrine. The question here is whether the earlier incidents put Defendant "on notice of the risk creating condition of water accumulating on the subject stairs." *Mot.*, ECF No. 80, at pp. 11–12. The Court would not be more likely to answer that question in the affirmative if the passengers in those incidents had each consumed "a frozen Miami Vice, one shot of Patron tequila, one frozen Kiss on the Lips, and then another frozen Miami Vice," as Plaintiff supposedly did. *Resp. in Opp'n*, ECF No. 85, at p. 7. If anything, Defendant would have been on higher constructive alert if everyone who was injured on its stairways had been perfectly sober.

In short, Plaintiff has a reasonable argument that the prior incidents put Defendant on notice of the risk of harm that was realized here. The problem for Plaintiff, however, is that a reasonable argument is not enough for her to obtain summary judgment. Rather, Plaintiff must "show[] that there is *no genuine dispute* as to any material fact" in connection with "the part of [her] claim" on which she seeks judgment as a matter of law. Fed. R. Civ. P. 56(a) (emphasis added). As Defendant correctly notes, Plaintiff has not shown that nine prior accidents—on three ships over the course of three years, *Ex. 5 to Mot.*, ECF No. 80-5, at pp. 6–8—is "somehow the 'magic number' to . . . establish notice" in this case. *Resp. in Opp'n*, ECF No. 85, at p. 9. While at least some of the accidents were, as the Court has found, "substantially similar" to Plaintiff's, the Court is unconvinced that Plaintiff has proved either actual or constructive notice as a matter of law.

Finally, Defendant has identified another dispute of fact that goes to the heart not just of the notice issue but of the case as a whole: namely, whether the staircase was wet at all when Plaintiff tumbled down it. Defendant relies on the deposition testimony of a Carnival representative, who in turn based her testimony on an undisclosed report prepared by the *Dream*'s staff shortly after Plaintiff's fall. *Resp. in Opp'n*, ECF No. 85, at p. 3; *Petisco Dep.*, ECF No. 85-1, at p. 7. According to the report, staff members "inspected the area" just "minutes after" Plaintiff's fall and found it "in a safe condition," without "any water or wet spots on the stairs." *Petisco Dep.*, ECF No. 85-1, at p. 7. Needless to say, if the stairs were not wet—if there was no dangerous condition for Defendant to have notice of—then Plaintiff is not entitled to summary judgment on the notice issue.

Plaintiff objects that the statements in the report are hearsay, and that they "cannot create a genuine issue of material fact since they are not based on admissible evidence." *Reply in Supp.*, ECF No. 88, at pp. 1–3, 8. The Court need not reach this question, having already found that there are genuine disputes of fact surrounding the notice issue itself. Still, Plaintiff is probably wrong. The Supreme Court has explained that "the nonmoving party" need not "produce evidence in a form that would be admissible at trial in order to avoid summary judgment." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("Obviously, Rule 56 does not require the nonmoving party to depose [its] own witnesses."). Moreover, the Eleventh Circuit has held that "a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be 'reduced to admissible evidence at trial.'" *Macuba*, 193 F.3d at 1323.

"The most obvious way that hearsay testimony can be reduced to admissible form is to have the hearsay declarant testify directly to the matter at trial." *Jones*, 683 F.3d at 1294. Here, the observations in the accident report were made by Carnival staff members. *Petisco Dep.*, ECF No. 85-1, at p. 5, 7. Plaintiff does not deny that Defendant "fully and properly disclosed" those witnesses during discovery. *Def.'s Suppl. Br.*, ECF No. 142, at p. 2.[2] Thus, "there [i]s every indication that [the] witnesses would be able to testify at trial from their personal knowledge of the events recounted in the [report]." *McMillian v. Johnson*, 88 F.3d 1573, 1584 (11th Cir. 1996), *aff'd sub nom. McMillian v. Monroe Cty.*, 520 U.S. 781 (1997); *cf.,*

---

[2] Despite Court Orders requiring supplemental briefing, *End. Orders*, ECF Nos. 136, 139, Plaintiff has failed to meaningfully address the admissibility issue. *See Pl.'s Suppl. Br.*, ECF No. 144.

*e.g.*, *Pritchard v. S. Co. Servs.*, 92 F.3d 1130, 1135 (11th Cir. 1996) (nonmovant cannot defeat summary judgment with hearsay "statements of *unknown* co-workers" as "[t]here is nothing to indicate that [the] statements . . . will lead to admissible evidence" (emphasis added)).

In sum, there are triable disputes of fact as to whether Defendant was on notice of the slippery condition of the stairs where Plaintiff fell—and even, it seems, whether the stairs were slippery at all. Those disputes are for the jury to resolve, not the Court. Plaintiff's Motion for Partial Summary Judgment (ECF No. 80) is therefore denied.

**DONE and ORDERED** in Chambers, Miami, Florida, this 22nd day of November 2019.

                                                                           *Marcia G. Cooke*
                                                                           MARCIA G. COOKE
                                                                           United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*